IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN L. GANTT, | ) | |
|     Plaintiff, | ) | C.A. No. 12-262 Erie |
| | ) | |
| v. | ) | District Judge Bissoon |
| | ) | Magistrate Judge Baxter |
| M. HARLOW, et al., | ) | |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Plaintiff's motion for preliminary injunction [ECF No. 41] be denied.

### II. REPORT

#### A. Relevant Procedural and Factual History

Plaintiff John L. Gantt, an inmate at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), has filed a motion for preliminary injunction seeking an Order requiring Defendants to "send [him] out for blood work and other needed tests" for his alleged sickness or "possible poisoning," because, he claims, he has not been given "any proper or correct treatment and none at all." [ECF No. 41]. This Court held a telephone hearing on Plaintiff's motion on August 23, 2013, at which time the Court was informed that Plaintiff had a pending sick call visit with SCI-Albion's medical staff. [ECF No. 42]. The Court held Plaintiff's motion in abeyance pending the results of Plaintiff's sick call visit and then held a follow-up hearing, by telephone, on September 10, 2013.

During the hearing on September 10, 2013, Plaintiff claimed that Defendants "went through the motions" of extracting him from his cell to see a physician's assistant who, Plaintiff alleged, merely put a blood pressure cuff on his arm without checking the pressure. Plaintiff

represented that he was then returned to his cell without receiving any treatment for his sickness. In response, counsel for the Department of Corrections ("DOC") Defendants disclosed to the Court that he has in his possession Plaintiff's medical records, which he described as being approximately an inch thick. The last entry in the medical records pertains to Plaintiff's sick call visit that occurred within days after the first hearing on Plaintiff's motion. According to the DOC Defendants' counsel, the last entry indicates that Plaintiff's blood pressure and vital signs were found to be within normal limits, and, thus, no further medical attention was deemed necessary.

### B. Standard of Review

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Company. Inc., 903 F.2d 186, 189 (3d Cir. 1990). Where the requested preliminary injunction "is directed not merely at preserving the status quo but ... at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir.1980); see also Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir.1994). Indeed, "[m]andatory injunctions should be used sparingly," and only when the status quo is one of action that will inflict irreparable injury on the movant. United States v. Price, 688 F.2d 204, 212 (3d Cir.1982). A preliminary injunction is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993).

The four factors that must be shown for the issuance of a preliminary injunction are: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the non-moving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticello, 613 F.3d 102, 109 (3d Cir. 2010) quoting Miller v. Mitchell, 598 F. 3d 139, 147 (3d Cir. 2010). However, if the

record does not at least support a finding of **both** irreparable injury and a likelihood of success on the merits, then preliminary injunctive relief cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).

The Third Circuit "has placed particular weight on the probability of irreparable harm and the likelihood of success on the merits." Ortho Biotech Products, L.P. v. Amgen Inc., 2006 WL 3392939 at *5 (D.N.J.) quoting Apollo Tech Corp. v. Centrosphere Indus. Corp., 805 F.Supp. 1157, 1205 (D.N.J. 1992). In fact, irreparable injury is the key: "irreparable injury must be present for a preliminary injunction to issue." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989). See also In re Arthur Treacher's Franchisee Litig., 689 F.2d 1137, 1143 (3d Cir. 1982)("a failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction").

**C.** **Discussion**

Here, Plaintiff has failed to meet his burden of showing immediate irreparable injury. During the telephonic hearing of September 10, 2013, the DOC Defendants' counsel represented to the Court that Plaintiff's medical records indicate that Plaintiff has been seen by SCI-Albion's medical staff on a regular basis. In addition, the medical record does not disclose any evidence of serious illness or "poisoning," as claimed by Plaintiff. Nonetheless, Plaintiff voiced his displeasure and disagreement with the extent of treatment he has received at SCI-Albion and asked that he be sent to an outside hospital. Since the medical record reveals that Plaintiff is being seen by medical staff and does not disclose the presence of any abnormal symptoms or serious medical condition, this Court cannot find that Plaintiff will suffer immediate irreparable injury if he is not granted the requested relief.

Moreover, an inmate's disagreement as to the appropriate choice of medical treatment does not give rise to a constitutional violation because the "right to be free from cruel and unusual punishment does not include the right to the treatment of one's choice." Layne v. Vinzant, 657 F.2d 468, 473 (1st Cir. 1981). Mere disagreements over medical judgment do not

state Eighth Amendment claims. White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990) (citations omitted). Accord Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992) (an inmate's disagreement with prison personnel over the exercise of medical judgment does not state claim for relief under section 1983). Thus Plaintiff has also failed to show a likelihood of success on the merits of his claim.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for preliminary injunction [ECF No. 41] be denied.

In accordance with the Federal Magistrates Act, 28 U.S.C. ' 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date:   September 10, 2013

cc:     The Honorable Cathy Bissoon
        United States District Judge